34

STATE OF HAWAII, Plaintiff-Appellee, *v.* MICHAEL PETER STECH, Defendant-Appellant

NO. 6455

DECEMBER 9, 1980

RICHARDSON, C.J., OGATA, MENOR, AND CIRCUIT JUDGE LUM, ASSIGNED BY REASON OF VACANCY*

*Per Curiam.* This is an appeal by the defendant, Michael Peter Stech, who was convicted on three counts of promoting a dangerous drug in the second degree, under HRS § 712-1242(1)(c) (1976). His motion for production of a witness had been denied by the trial court.

*State v. Bullen,* No. 6406, Supreme Court of Hawaii, decided this day, is dispositive of the issue on appeal. There we found that the trial court erred in refusing to order the government to produce its informant. We held that where the informant's testimony would be material on the issue of guilt and might be helpful to the defense, and the government by its own conduct has rendered him unavailable to the defense, it must produce the missing witness or risk dismissal of the indictment. Here as in *Bullen,* the defense was entrapment, and James Scott, also known as Jimbo, was the informant-participant in both cases.

---

* Justice Kobayashi, who heard oral argument in this case, retired from the court on December 29, 1978. HRS § 602-10 (1979 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

The defendant testified that on the three occasions charged, he participated in the transactions solely as a favor to Jimbo. *See Sherman v. United States*, 356 U.S. 369 (1958). While we express no opinion regarding the efficacy of the defendant's entrapment defense to all three counts, we do find that Jimbo's possible testimony would have been material on the issue of guilt and might have been helpful to his defense. And it is clear from the record in *Bullen* that governmental conduct deprived the defense of Jimbo's availability as a possible material witness in this case as well. The trial court therefore should have granted the defendant's motion.

Although we agree with the government that the defendant in this case should have filed his motion within the period set by the trial court for pretrial motions, we think the court abused its discretion when it refused to hear it. The motion was filed on July 8, 1976. The matter was not scheduled for trial until November 1, 1976. More significantly, the hearing on the motion to produce the same witness in the *Bullen* case was scheduled to be heard by the same judge on the day following the filing of the motion. The facts concerning the informer's unavailability were the same in both cases. Both defendants were represented by the public defender, and the defendant here had asked that his motion be considered for hearing with the *Bullen* motion. In these circumstances, the trial court should have granted the request.

Reversed and remanded for a new trial, at which time the government must either produce the missing witness or risk dismissal of the indictment. *State v. Bullen, supra.*

*Edmund K. U. Yee,* Special Deputy Public Defender for defendant-appellant.

*Arthur Ross,* Deputy Prosecuting Attorney for plaintiff-appellee.